Register A MD Federal District Court Judgment in HI Federal District Court Hawaii

Page 1 of 2

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 27 2025

at \_11\_ o'clock and \_30\_ min. \_A\_ M
Lucy H. Carrillo, Clerk

UNITED STATES DISTRICT COURT
FOR DISTRICT OF HAWAII

In Re: Center Khursan Construction Company §
§
v. §
§
JS International, Inc §
§
§
§

Case No. 8:20-CV-01358-PX
Maryland (Greenbelt)
Filing Date: 06/01/2020
Closing date: 02/18/022
Doc # 19

MC25-00019 JAO WRP

**AFFIDAVIT FILLING OF CERTIFIED REGESTED CIVIL FINAL COURT JUDGMENT (DOCKET NUMBER 19) COPY FILED FROM U.S. DISTRICT OF MARYLAND (GREENBELT) CASE # 8:20-CV-01358-PX**

Now comes William Reed Hayward Power of Attorney, Agent, (Exhibit A), Owner/Partner Lulus Ostrich Ranch LLC, Pro Se (LOR) (Exhibit B) under **28 U.S. Code § 1963** in registering this Maryland Final Judgment with Nevada Federal Civil Courts. The Creditors/Plaintiff/Subcontractor of Center Kurasan Construction Company owned by Zikrullah Turk living Afghanistan and Managed by Pinar Kochan living in Turkey (CKCC). Plaintiffs (LOR & CKCC) request under **28 U.S. Code § 1963** that the Certified Federal Civil Final Judgment attached (Exhibit A) be filed and listed in this Federal Nevada District Court of Las Vegas (Exhibit A). This required so that Plaintiff my file Property liens on Las Vegas, NV on Defendant Jack W. Perry who has many AKAs for himself and for his Company JS International, Inc aka JS INT'L Inc. aka JSI. .

Jack Perry has a Final District Maryland (Greenbelt) Default Judgment listed above due to nonpayment's to subcontracts list as the Plaintiff, refusing to reply to federal civil summons, returning federal notices, moving around without notice, changing his address, changing phone numbers, changing his email and his company contacts. Jack W Perry aka Jack

Received By Mail
Date 1/27/2025

Mailed on
Date 1/27/2025

Wayne aka Jack Perry aka Jack Perry SR and his wife Sharon K. Perry aka Sharon Kay Perry aka Sharon Perry now live at 333 Las Vegas BLVD, Las Vegas, NV 89101. Under the names of Jack W. Perry and Sharon K. Perry, with listing in Nevada Clark County with deed of property in Clark County Texas Assorts Office.

Please file the Attached, Exhibit A (certified copy of Maryland Dock# 19 from Greenbelt Maryland Federal District Court), Final Court Federal Default Judgment to your Hawaii Federal District court as an official Federal Court Judgments so we may file a Judgment of Debtor Exam Motion, Affidavit of Judgment, and Writ of Execution Order for seizers. At the same time the Plaintiff would like to file a motion for Judgment Debtor Exam for copies of all Jack W Perry's Social Security Number (SS), DOB, copies of Drivers Licenses, updated copy of US Passport, a listing of Assets, etc. with location of Prosperities so liens may be property filled. A check for coving court cost is set to **$52.00** for Misalliances Fees/ Register in another District Court Judgment. "Clerk, U.S. District Court"

*William Reed Hayward / Pro Se*   **01/23/2025**
**William Reed Hayward, Power of Attorney, Agent, Pro Se**   **DATE**
609 Oak Meadows
San Marcos, TX  78666-8358
Ph: 512-210-5746
Email: lulusostrich@grandecom.net

*Exhibit A*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CENTER KHURASAN CONSTRUCTION COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-01358-PX |
| JS INTERNATIONAL, INC. | * | |
| Defendant. | * | |
| | *** | |

## ORDER

The Court assumes familiarity with its earlier decision in this matter. *See* ECF Nos. 15 & 16. In brief, this action concerns a commercial construction dispute between Plaintiff Center Khurasan Construction Company ("Center Khurasan" or "Plaintiff") and Defendant JS International, Inc. ("JSI"). Center Khurasan initiated this action on June 1, 2020. ECF No. 1. When JSI failed to plead or otherwise defend, Center Khurasan moved for default judgment pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 6. The Clerk entered default on December 1, 2020 (ECF Nos. 7 & 8), and Center Khurasan subsequently moved for default judgment (ECF No. 10). The Court requested supplemental briefing because neither the Complaint nor the motion included the applicable substantive law, the law of Afghanistan. *See* ECF No. 11.

Having received Center Khurasan's renewed motion for default judgment, the Court granted the motion as to liability but denied it as to damages because it lacked evidentiary support. *See* ECF No. 15 at 5–6 ("While the present record is sufficient for the Court to determine that JSI is liable to Center Khurasan for breaching the Contractor Agreement and Payment Agreement, the record is insufficient to support a damages award as to either."). The

*Exhibit A*

Court afforded Plaintiff an opportunity to supplement the evidentiary record, which it has since done. *See id.*; *see also* ECF No. 18. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, the Court GRANTS in part Plaintiff's supplemental motion as to damages.

When considering a default judgment motion, the Court accepts as true the well-pleaded factual allegations of the Complaint save for those related to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Damages requests must be supported by evidence beyond the four corners of the Complaint. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 423 n.2 (D. Md. 2005); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

As previously noted, the parties' business relationship was memorialized in an original Contractor Agreement and a subsequent Payment Agreement. *See* ECF No. 15 at 1–2. In the Contractor Agreement, the parties agreed JSI would promptly pay Center Khurasan for services rendered by Center Khurasan. *Id.* at 1. In a subsequently executed Payment Agreement, the parties clarified the manner and timing of payments for outstanding amounts owed. *Id.* at 2. The Court concluded that JSI breached both contracts because it failed to pay for work performed by Center Khurasan despite its promises to the contrary. *See id.* at 5. Additionally, the Court has already determined that Afghan law governs this dispute and permits direct damages arising from a contractual breach as well as consequential damages for foreseeable losses. *See id.* at 5, 7. Now, the Court need only determine whether Center Khurasan's supplemental evidence supports a damages award.

*Exhibit A*

As to direct damages, Plaintiff seeks $738,000.00. In support of its request, Plaintiff submits the sworn declaration of Zikullah Turk, Center Khurasan's Vice President, who attests to the outstanding amounts owed under the contracts. *See* ECF No. 18-3 ¶ 2. Turk signed the Contractor and Payment Agreements on behalf of Center Khurasan; he also confirms the purchase orders submitted and approved by JSI and the amounts subsequently invoiced for which Center Khurasan never received payment. *See* ECF Nos. 18, 18-2, 18-3, 18-4, 18-5. Turk attests that on Task Orders 14 and 15, JSI owes Center Khurasan $514,897.00. *See* ECF No. 18-3 ¶ 4. JSI agreed to pay this amount in monthly installments. *See* ECF No. 1-1 at 4. To this day, JSI has paid nothing at all. ECF No. 18-3 ¶ 5.

Likewise, Turk attests that JSI remains obligated to pay an additional $223,103.00 for miscellaneous work performed under Contractor Agreement. *See* ECF No. 18-3 ¶ 4. With respect to this amount, the Contractor Agreement specified that JSI would pay Center Khurasan "within a reasonable time" after Center Khurasan submitted invoices for its work. *See* ECF No. 1-1 at 1. As Turk explains, JSI accrued a balance of $223,103.00 from 31 invoices. ECF No. 18-3 ¶¶ 4 & 5. When that amount went unpaid, JSI promised in the Payment Agreement (ECF No. 1-1 at 4) to make a payment of $223,103.00 within seven days. JSI never paid that amount either. *See* ECF No. 18-3 ¶ 5. In all, the documentation submitted by Center Khurasan is sufficient to support its requested direct damages of $738,000.00.

As to consequential damages, Turk attests that during discussions about executing the Payment Agreement, he forewarned JSI executives that Center Khurasan "would have to sell its equipment and construction machinery at a great loss in order to fulfill its obligations to its suppliers and vendors, if JSI did not abide by the Payment Agreement." ECF No. 18-3 ¶ 6. Thus, JSI had been placed on notice that its failure to pay under the contract terms would result

3

*Exhibit A*

in Center Khurasan selling its equipment at a loss of $207,000.00. *See* ECF No. 10-1. This amount is properly awarded as consequential damages.

Lastly, Center Khurasan seeks pre- and post-judgment interest on the damages award. *See* ECF No. 18 at 2–3. Post-judgment interest is awarded by operation of law, and so the Court need not separately reach this question. *See* 28 U.S.C. § 1961(a); *see also Choice Hotels Int'l, Inc. v. Megha Hotels, LLC*, No. 21-01050-PX, 2021 WL 6126286, at *2 (D. Md. Dec. 28, 2021). Plaintiff also concedes that under Afghan law prejudgment interest is not available. *See* ECF No. 13 at 4 ("Afghanistan law does not provide for the provision of statutory interest . . . ."). Nonetheless, Plaintiff urges the Court impose it because choice-of-law principles warrant application of Maryland law which permits pre-judgment interest. *Id.* Because the parties reached a binding agreement as to broad application of Afghan law as to all contractual disputes, the Court will not award pre-judgment interest.

The parties clearly agreed to conform to the laws of Afghanistan "without giving effect to conflict of laws principles." *See* ECF No. 1-1 at 3. This choice-of-law provision is plain and unambiguous.[1] *See id.*; *see also Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 469 (4th Cir. 2011) (citing *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617–18 (2007)). Center Khurasan has given the Court no grounds to otherwise reject application of this provision, especially where it urges application of other provisions to the company's benefit. Thus, the Court denies the request for pre-judgment interest.

---

[1] Although the provision appears only in the Contractor Agreement (ECF No. 1-1 at 2–3), the Payment Agreement did not supplant the Contractor Agreement but simply clarified JSI's existing financial obligations under the Contractor Agreement. *See* ECF No. 1-1 at 4; *see also Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1274 (S.D. Fla. 2007) (explaining that terms in an original contract that do not "directly conflict with the addenda" remain in force). Accordingly, the choice-of-law provision in the Contractor Agreement applies to this dispute entirely.

*Exhibit A*

Accordingly, on this 18th day of February, 2022, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Center Khurasan's Supplemental Motion for Default Judgment (ECF No. 18) is GRANTED in part;

2. Plaintiff Center Khurasan is AWARDED $945,000.00 in damages;

3. The Clerk is DIRECTED to TRANSMIT copies of this Order to the parties; and

4. The Clerk is DIRECTED to CLOSE this case.

2/18/2022
Date

/s/
Paula Xinis
United States District Judge

I hereby attest and certify on 1/13/25 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
CATHERINE M. STAVLAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

UNITED STATES DISTRICT COURT
FOR DISTRICT OF HAWAII

| | |
|---|---|
| In Re: <u>Center Khursan Construction Company</u> § § § v. § § <u>JS International, Inc</u> § § § § | Hawaii File/Registration<br><br>**Maryland: Case No. 8:20-CV-01358-PX**<br>**Filing Date: 06/01/2020**<br>**Closing date: 02/18/022**<br>**Doc # 19** |

## CERTIFICATE OF SERVICE

I hereby certify that on **January 23, 2025**, a copy of **MOTION FOR JUDMENT DEBTOR EXAM**, which was Mailed in this case on **January 23, 2025**, was mailed via first class mail, postage prepaid, to **Gilda C. Perry and Jack W. Perry**

**1060 KAMEHAMEHA HWY, APT 4401/A; Pearl City, HI 96782-3839; 5708 Sunningdale Ct.; Las Vegas, NV 89122-4744 and 3232 Jefferson Pike, Jefferson, MD 21755.** .

<u>**January 23, 2025**</u>
Date

*[Signature]*
Signature

<u>**William Reed Hayward, Agent, Pro Se**</u>
Printed Name and Bar Number

<u>**609 Oak Meadows**</u>
<u>**San Marcos, TX 78666-8358**</u>
Address

<u>**lulusostrich@grandecom.net**</u>
Email Address

<u>**512-210-5746**</u>
Telephone Number

. <u>**None**</u>
Fax Number